📘 FULL SDNY FEDERAL CIVIL RIGHTS COMPLAINT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE CAPTION

MARK A. WESTBROOKS,
Plaintiff,
v.
THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT (NYPD); SERGEANT HERNANDEZ (#2085); OFFICER PERDOMO-CRESPO (#11626); OFFICER “C” (Asian Male, Task Force Unit); THE NEW YORK CITY COMPTROLLER’S OFFICE; CLAIMS EXAMINER SHARON JOACHIM; JOHN/JANE DOE SUPERVISORS 1–10; JOHN/JANE DOE NYPD OFFICERS 1–10,
Defendants.

Civil Action No.: ___________
COMPLAINT
JURY TRIAL DEMANDED

PRELIMINARY STATEMENT

1. This is a civil rights action seeking compensatory damages, punitive damages, injunctive relief, declaratory relief, and attorneys’ fees pursuant to 42 U.S.C. §§ 1983, 1988, Americans with Disabilities Act (ADA) Title II (42 U.S.C. § 12131–34), ADA Title V (42 U.S.C. § 12203), Rehabilitation Act § 504 (29 U.S.C. § 794), New York State Human Rights Law (Exec. Law § 296), and New York City Human Rights Law (Admin. Code § 8-107).

2. Plaintiff MARK A. WESTBROOKS is a 100% service-connected disabled veteran who was unlawfully detained, humiliated, denied medical care, subjected to excessive force, discriminated against due to disability, and later retaliated against by the NYC Comptroller’s Office for asserting ADA rights.

3. On September 24, 2024, NYPD officers forcibly restrained Plaintiff, applied excessively tight handcuffs, denied accommodations related to his service-connected disabilities, and refused medical assistance—all in plain violation of Graham v. Connor, 490 U.S. 386 (1989); Weyant v. Okst, 101 F.3d 845 (2d Cir. 1996); Tennessee v. Lane, 541 U.S. 509 (2004), and numerous other authorities.

4. The City of New York maintains policies, customs, and deliberate indifference that caused these violations—including failure to train, failure to supervise, and routine non-compliance with ADA requirements in police encounters and claims processing.

5. After Plaintiff filed a Notice of Claim, the NYC Comptroller's Office—specifically Claims Examiner Sharon Joachim—engaged in retaliation, refusing to communicate, failing to provide ADA accommodations, obstructing the claims process, withholding supervisor information, and ignoring Plaintiff's medical and disability needs.

6. These post-incident actions constitute independent violations of ADA Title V, Section 504, and NYS/NYC civil rights law, and further establish municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

JURISDICTION AND VENUE

7. This Court has jurisdiction under:

28 U.S.C. § 1331 (federal question)

28 U.S.C. § 1343(a)(3) (civil rights)

42 U.S.C. § 1983

42 U.S.C. § 12133 (ADA Title II)

29 U.S.C. § 794a (Rehab Act)

8. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367(a) for Plaintiff's state and city law claims.

9. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in New York County, within the Southern District of New York.

PARTIES

Plaintiff

10. Plaintiff MARK A. WESTBROOKS is a resident of Brooklyn, New York and is a 100% service-connected disabled veteran with permanent mobility impairments.

Municipal Defendants

11. THE CITY OF NEW YORK is a municipal corporation responsible for the NYPD and NYC Comptroller's Office.

12. NYPD is an agency of the City responsible for law enforcement and ADA compliance during police encounters.

13. NYC Comptroller's Office is responsible for claims processing and is subject to ADA Title II.

Individual Defendants

14. Sergeant Hernandez (#2085) is an NYPD supervisor who ordered or allowed the unconstitutional and discriminatory conduct.

15. Officer Perdomo-Crespo (#11626) applied excessively tight handcuffs, refused medical care, and verbally humiliated Plaintiff.

16. Officer "C", an Asian male officer assigned to the Task Force, participated in the unlawful detention.

17. Claims Examiner Sharon Joachim is responsible for ADA retaliation, refusal of accommodations, and procedural obstruction following the Notice of Claim.

18. John/Jane Doe Supervisors include NYPD and Comptroller supervisors responsible for training, supervision, and discipline.

FACTUAL ALLEGATIONS

19. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

20. On September 24, 2024, Plaintiff was using an ADA-protected mobility device (28 C.F.R. § 35.137) in an MTA subway passageway.

21. Plaintiff suffers from:

Torn Achilles tendons

Chronic podiatric injuries

Shoulder and labrum injury

Mobility limitations due to service-connected conditions

22. Plaintiff was compliant, non-threatening, and lawfully present.

23. Plaintiff asked officers a simple ADA question regarding dismount requirements.

24. Officers refused to answer, then detained him without reasonable suspicion or probable cause, violating Kerman v. City of New York, 261 F.3d 229 (2d Cir. 2001).

25. Officers forcibly applied overtightened handcuffs, causing swelling, nerve pain, and long-term injury—conduct deemed excessive under Tracy v. Freshwater, 623 F.3d 90 (2d Cir. 2010).

26. Plaintiff repeatedly requested that the handcuffs be adjusted; officers refused.

27. Officers forced Plaintiff to walk long distances through the subway system while restrained, exacerbating disabilities.

28. Plaintiff requested medical assistance; officers refused, violating Weyant v. Okst, 101 F.3d 845 (2d Cir. 1996).

29. Officers publicly humiliated Plaintiff, speaking loudly, dismissively, and aggressively in front of bystanders.

30. A civilian recorded the incident on video.

31. NYPD failed to provide EMS despite injury, contrary to NYPD Patrol Guide 207-04.

32. Following the incident, Plaintiff filed CCRB Case No. 202-408-389 and Notice of Claim 2024 PI 037725.

POST-INCIDENT ADA RETALIATION BY NYC COMPTROLLER

33. Plaintiff requested email-only ADA communication, documentation of ADA rights, and access to a supervisor.

34. Claims Examiner Sharon Joachim ignored multiple requests.

35. The Comptroller's Office failed to identify its ADA coordinator, violating 28 C.F.R. § 35.107.

36. The Office refused to engage in the interactive process, violating:

ADA Title II (42 U.S.C. § 12131–34)

ADA Title V retaliation standard (42 U.S.C. § 12203)

Weixel v. Bd. of Educ., 287 F.3d 138 (2d Cir. 2002)**

Guggenberger v. Minnesota, 198 F. Supp. 3d 973 (D. Minn. 2016)**

37. These actions constitute ADA retaliation, § 504 discrimination, and NYSHRL/NYCHRL violations.

CAUSES OF ACTION (LISTED, NOT YET EXPANDED)

(Full legal text to follow upon “Proceed”)

COUNT 1 – Excessive Force (42 U.S.C. § 1983)

COUNT 2 – False Detention / Unlawful Seizure (§ 1983)

COUNT 3 – Denial of Medical Care (§ 1983)

COUNT 4 – ADA Title II – Disability Discrimination

COUNT 5 – ADA Title V – Retaliation

COUNT 6 – Section 504 – Rehabilitation Act

COUNT 7 – NY State Human Rights Law (Exec. Law § 296)

COUNT 8 – NYC Human Rights Law (Admin. Code § 8-107)

COUNT 9 – Monell Liability – Failure to Train, Supervise, Discipline

COUNT 10 – Negligent Hiring, Retention, and Supervision

SECTION 2

CAUSES OF ACTION

COUNT 1

EXCESSIVE FORCE – UNREASONABLE SEIZURE

42 U.S.C. § 1983 / Fourth Amendment

138. Plaintiff repeats and re-alleges all preceding paragraphs.

139. Defendants Hernandez, Perdomo-Crespo, and Officer “C,” acting under color of state law, used excessive and unreasonable force on Plaintiff, a compliant and disabled veteran.

140. The force used—including overtightened handcuffs, physical restraint, forced escort while disabled, refusal to modify tactics for disability, and humiliating conduct—was objectively unreasonable.

141. The constitutional standard is set forth in Graham v. Connor, 490 U.S. 386 (1989), requiring that force be objectively reasonable in light of the circumstances.

142. Plaintiff was not resisting, not threatening, and was lawfully present.

143. Painful handcuffing alone—when causing injury—constitutes excessive force. Tracy v. Freshwater, 623 F.3d 90 (2d Cir. 2010).

144. Defendants’ actions violated clearly established law. See Hope v. Pelzer, 536 U.S. 730 (2002).

145. Plaintiff suffered physical and emotional injury as a direct result.

146. Defendants are liable for compensatory and punitive damages under § 1983 & Smith v. Wade, 461 U.S. 30 (1983).

COUNT 2

FALSE DETENTION / FALSE ARREST

42 U.S.C. § 1983 / Fourth Amendment

147. Plaintiff repeats all prior allegations.

148. Defendants lacked probable cause or reasonable suspicion to detain Plaintiff.

149. Plaintiff engaged in no unlawful conduct.

150. The seizure violated clearly established federal law. See:

Kerman v. City of New York, 261 F.3d 229 (2d Cir. 2001)

Dufort v. City of New York, 874 F.3d 338 (2d Cir. 2017)

151. The detention was motivated in part by disability-based bias and hostility.

152. Plaintiff suffered injury and humiliation.

153. Defendants are liable under § 1983.

COUNT 3

DENIAL OF MEDICAL CARE

42 U.S.C. § 1983 / Fourteenth Amendment

154. Plaintiff repeats all prior allegations.

155. Officers observed clear signs of pain, restricted mobility, and wrist swelling.

156. Plaintiff repeatedly requested medical assistance.

157. Defendants refused medical evaluation, contrary to NYPD Patrol Guide § 207-04.

158. This constitutes deliberate indifference under Weyant v. Okst, 101 F.3d 845 (2d Cir. 1996).

159. Their conduct violated Plaintiff's Fourteenth Amendment rights.

160. Defendants are liable for damages.

COUNT 4

DISABILITY DISCRIMINATION – ADA TITLE II

42 U.S.C. § 12132

161. Plaintiff repeats all prior allegations.

162. Defendants City of New York, NYPD, and Comptroller are “public entities” under the ADA.

163. Plaintiff is a qualified individual with a disability (mobility impairment; 100% service-connected).

164. Plaintiff was excluded from participation in or denied benefits of public services and transit access.

165. Defendants failed to reasonably modify policies, practices, or procedures as required by 28 C.F.R. § 35.130(b)(7).

166. Defendants discriminated on the basis of disability during the police encounter.

167. Case law confirms ADA Title II applies fully to police interactions:

Tennessee v. Lane, 541 U.S. 509 (2004)

Seremeth v. Bd. of Cty. Comm’rs, 673 F.3d 333 (4th Cir. 2012)

Bircoll v. Miami-Dade County, 480 F.3d 1072 (11th Cir. 2007)

168. Defendants violated ADA standards by ignoring Plaintiff’s mobility needs.

169. Plaintiff suffered discrimination, humiliation, and physical injury.

COUNT 5

ADA RETALIATION – TITLE V

42 U.S.C. § 12203

170. Plaintiff repeats all prior allegations.

171. Plaintiff engaged in protected activity by submitting ADA accommodation requests to the NYC Comptroller.

172. The Comptroller's Office retaliated by:

Ignoring ADA communications

Withholding ADA coordinator info

Failing to engage in interactive process

Obstructing claim processing

Attempting "time exhaustion" of a disabled veteran's rights

173. This violates ADA Title V.

174. Supporting case law includes:

Weixel v. Bd. of Educ., 287 F.3d 138 (2d Cir. 2002)

Soledad v. Treasury, 304 F.3d 500 (5th Cir. 2002)

Guggenberger v. Minnesota, 198 F. Supp. 3d 973 (D. Minn. 2016)

175. Plaintiff suffered additional emotional distress, procedural harm, and deterrence of civil-rights activity.

COUNT 6

SECTION 504 OF THE REHABILITATION ACT

29 U.S.C. § 794

176. Plaintiff repeats all prior allegations.

177. NYPD, MTA, and NYC Comptroller's Office receive federal funds.

178. Discrimination based on disability is prohibited under § 504.

179. Defendants failed to provide equal access to services, committed discrimination, and retaliated against Plaintiff.

COUNT 7

NEW YORK STATE HUMAN RIGHTS LAW

Executive Law § 296

180. Plaintiff repeats all prior allegations.

181. Defendants discriminated based on disability and retaliated for asserting rights.

182. Under Jacobsen v. NYC HHC, 22 N.Y.3d 824 (2014), public entities must engage in meaningful accommodation process.

183. Defendants failed to accommodate Plaintiff's disability and mobility device.

COUNT 8

NEW YORK CITY HUMAN RIGHTS LAW

NYC Admin. Code § 8-107

184. Plaintiff repeats all prior allegations.

185. NYCHRL mandates the broadest protections against discrimination.
See Mihalik v. Credit Agricole, 715 F.3d 102 (2d Cir. 2013).

186. Defendants engaged in:

Disability discrimination

Harassment

Retaliation

Denial of access to public accommodations

Administrative obstruction

187. The standard for liability under NYCHRL is lower than under federal law.

COUNT 9

MONELL LIABILITY – CITY OF NEW YORK

Failure to Train, Supervise, Discipline, or Implement ADA Policies

188. Plaintiff repeats all prior allegations.

189. The City maintains policies, customs, and deliberate indifference that caused the violations herein.

A. Failure to Train NYPD

190. NYPD fails to adequately train officers on:

ADA Title II compliance

OPDMD mobility device regulations

Interaction with disabled veterans

Appropriate use of force on disabled individuals

Medical response obligations

191. This constitutes deliberate indifference under:

Monell v. Department of Social Services, 436 U.S. 658 (1978)

City of Canton v. Harris, 489 U.S. 378 (1989)

Connick v. Thompson, 563 U.S. 51 (2011)**

B. Failure to Supervise

192. NYPD consistently fails to discipline officers for misconduct involving disabled individuals.

193. Vann v. City of New York, 72 F.3d 1040 (2d Cir. 1995) confirms liability for inadequate supervision.

C. ADA Retaliation Custom – Comptroller’s Office

194. The Comptroller’s Office maintains an unconstitutional practice of:

Ignoring ADA requests

Withholding accommodations

Retaliating against disabled claimants

D. Pattern of Disability-Based Harms

195. Plaintiff's injuries arise from predictable consequences of systemic failures.

196. The City is therefore liable under Monell.

COUNT 10

NEGLIGENT HIRING, RETENTION, AND SUPERVISION

197. Plaintiff repeats all prior allegations.

198. The City knew or should have known of officers' and examiner's propensities for misconduct.

199. The City failed to properly hire, screen, train, supervise, or discipline its employees.

200. Plaintiff suffered foreseeable harm as a result.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against all Defendants as follows:

1. Compensatory damages in an amount to be determined at trial;

2. Punitive damages against individual officers;

3. Declaratory judgment that Defendants violated Plaintiff's constitutional and statutory rights;

4. Injunctive relief, including

ADA training for NYPD

ADA training for the Comptroller's Office

Policy reforms

Disciplinary recommendations

5. Attorney's fees and costs under 42 U.S.C. § 1988;

6. Pre-judgment and post-judgment interest;

7. Any other relief the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

SIGNATURE BLOCK

Respectfully submitted,
/s/ Mark A. Westbrooks
100% Disabled Veteran
Brooklyn, NY
Email: mawbusiness@outlook.com
Phone: 917-524-6921

**JS-44 CIVIL COVER SHEET**

Plaintiff: Mark A. Westbrooks

Defendants: City of New York; NYPD; Sgt. Hernandez; Officer Perdomo-Crespo; Officer Guo Ouyang; NYC Comptroller's Office; Sharon Joachim; Does 1–10

Basis of Jurisdiction: Federal Question – 28 U.S.C. §1331

Nature of Suit: 440 Civil Rights; 446 ADA

Cause of Action: 42 U.S.C. §1983; ADA Titles II & V; Rehabilitation Act §504; NYSHRL; NYCHRL

Jury Trial: Demanded

Signature: /s/ Mark A. Westbrooks