UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK A. WESTBROOKS,<br><br>                    Plaintiff,<br><br>          -against-<br><br>THE CITY OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT (NYPD); SERGEANT HERNANDEZ (#2085); OFFICER PERDOMO-CRESPO (#11626); OFFICER "C" (ASIAN MALE, TASK FORCE UNIT); THE NEW YORK CITY COMPTROLLER'S OFFICE; CLAIMS EXAMINER SHARON JOACHIM; JOHN/JANE DOE SUPERVISORS 1-10; JOHN/JANE DOE NYPD OFFICERS 1-10,<br><br>                    Defendants. | 26-CV-104 (RA)<br><br>ORDER OF SERVICE |

Robyn F. Tarnofsky, United States Magistrate Judge:
RONNIE ABRAMS, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, and the Rehabilitation Act, alleging that officers of the New York City Police Department ("NYPD") violated his rights under the Fourth and Fourteenth Amendments and discriminated against him on the basis of disability. He also alleges that staff at the Office of the New York City Comptroller failed to accommodate his disability in the process of evaluating his notice of claim. Plaintiff additionally asserts state-law claims related to the same events. Plaintiff sues the City of New York, the Office of the Comptroller, a claims examiner for the Comptroller, the NYPD, multiple NYPD officers, and 20 unidentified "John Doe" and "Jane Doe" defendants. By order dated January 12, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

As to the arrest and use of force, Plaintiff sues the City of New York, the NYPD, and numerous NYPD officers involved with his arrest. He asserts claims under 42 U.S.C. § 1983

under the Fourth Amendment for false arrest and excessive force, and under the Fourteenth Amendment for the denial of medical care. He also asserts disability discrimination claims under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the New York State and City Human Rights Laws ("NYSHRL" and "NYCHRL"). Finally, he asserts a state-law claim of negligent hiring, retention and supervision against the City and the NYPD. The Court construes the complaint as asserting additional state-law claims of false arrest, false imprisonment, assault, battery, and negligence against the City of New York.

As to the alleged disability discrimination following Plaintiff's filing of a notice of claim with the Comptroller's Office, Plaintiff asserts claims under Title II of the Americans with Disabilities Act, Rehabilitation Act, NYSHRL, and NYCHRL, along with state-law claims of negligent hiring, retention and supervision.

For the reasons that follow, the Court dismisses Plaintiff's claims against the NYPD and the Office of the New York City Comptroller for failure to state a claim, directs the New York City Law Department to identify the John/Jane Doe described in the complaint, and directs service on the remaining defendants.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.    Claims against the NYPD and the Office of the New York City Comptroller**

The Court must dismiss Plaintiff's claims against the NYPD and the Office of the New York City Comptroller. Agencies of the City of New York, including Defendants NYPD and the Office of the New York City Comptroller, are not entities that can be sued. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under *its municipal charter*." (emphasis in original)); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD is not a proper defendant); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 395 (S.D.N.Y. 2010) ("[A] plaintiff is generally

prohibited from suing a municipal agency."); *Sexton v. Dep't of Homeless Servs.*, No. 24-CV-8895 (DEH), 2025 WL 1334605, at *3 (S.D.N.Y. May 7, 2025) (dismissing claims against the Office of the New York City Comptroller, as an entity that cannot be sued under the New York City Charter), *appeal dismissed sub nom. Sexton v. Volunteers of Am.*, No. 25-1401, 2025 WL 3514315 (2d Cir. Sept. 24, 2025). The Court therefore dismisses Plaintiff's claims against the NYPD and the Office of the New York City Comptroller for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Unidentified defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify unidentified Defendants "Officer 'C' (Asian Male, Task Force Unit)" and "John/Jane Doe NYPD Officers 1-10." He also provides sufficient information to permit the Office of the New York City Comptroller to identify Defendants "John/Jane Doe Supervisors 1-10." It is therefore ordered that the New York City Law Department, which is the attorney for and agent of both the NYPD and the Office of the New York City Comptroller, must ascertain the identity (and, for the NYPD officers, badge numbers) of each abovementioned unidentified defendant whom Plaintiff seeks to sue here and the address where the defendant may be served.[1] The New York City Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

---

[1] If any unidentified defendant is a current or former NYPD employee or official, the New York City Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving NYPD defendants, rather than by personal service. If the unidentified defendant is not a current or former NYPD employee or official, but otherwise works or worked at a NYPD facility, the New York City Law Department must provide a residential address where the individual may be served.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order: (1) asking the newly named NYPD Defendants to waive service of summonses; and (2) directing service on the other newly named defendants via the United States Marshals Service.

### C.    Request to waive service

To allow Plaintiff to effect service on Defendants City of New York, Sergeant Hernandez (#2085), and Officer Perdomo-Crespo (#11626), the Court directs the Clerk of Court to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York, Sergeant Hernandez (#2085), and Officer Perdomo-Crespo (#11626) waive service of summons and that the New York City Law Department respond as directed above with respect to the *Valentin* instructions.

### D.    Service on the remaining identified defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the United States Marshals Service ("USMS") to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[2]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

To allow Plaintiff to effect service on Defendant Claims Examiner Joachim through the USMS, the Clerk of Court is instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for this Defendant. The Clerk of Court is further instructed to issue a summons for this Defendant and deliver to the USMS all the paperwork necessary for the Marshals Service to effect service upon this Defendant.

If the complaint is not served within 90 days after the date that a summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against the New York City Police Department and the New York City Comptroller's Office for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also directs the Clerk of Court to electronically notify the New York City Police Department and the New York City Law Department of this order. The Court requests that the City of New York, Sergeant Hernandez (#2085), and Officer Perdomo-Crespo (#11626) waive service of summonses and that the New York City Law Department respond as directed above with respect to the *Valentin* instructions.

The Court further directs the Clerk of Court to issue a summons for Defendant Claims Examiner Sharon Joachim, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the USMS.

7

An "Amended Complaint" form is attached to this order.

Plaintiff may receive court documents by email by completing the form, Consent to

Electronic Service.[3]

SO ORDERED.

Dated:    January 22, 2026
        New York, New York

SO ORDERED

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

7

**SERVICE ADDRESS FOR DEFENDANT**

Sharon Joachim
Claims Examiner
Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.

-against-

_____

_____

_____

_____
Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
         (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial            Last Name

_____

Street Address

_____

County, City                        State                    Zip Code

_____

Telephone Number                    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 2:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 3:

First Name                                Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                    Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                   Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

### INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

### IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7