*Westbrooks v. City of New York et al., No. 1:26-cv-00104-RA-RFT*

Mark A. Westbrooks

90 Sands Street, Unit 2713

Brooklyn, New York 11201

mawbusiness@outlook.com | 917-524-6621

March 23, 2026

Via ECF

The Honorable Ronnie Abrams

United States District Judge

Southern District of New York

40 Foley Square, New York, New York 10007

**Re:** Letter Motion for Leave to File Third Amended Complaint — Westbrooks v. City of New York et al., No. 1:26-cv-00104-RA-RFT

Dear Judge Abrams:

Plaintiff Mark A. Westbrooks, proceeding pro se, respectfully moves pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file a Third Amended Complaint ("TAC") correcting a typographical incident date error. All prior complaints stated the incident date as September 24, 2024. The correct date is **August 23, 2024**. The TAC is attached. No new claims, parties, or legal theories are added. The City's own Valentin Order letter (Doc. 18, filed March 23, 2026) independently confirmed the correct date on this Court's docket — both parties now agree.

## I.  BOTH PARTIES CONFIRM AUGUST 23, 2024

*Westbrooks v. City of New York et al., No. 1:26-cv-00104-RA-RFT*

The City's Valentin letter states: "upon information and belief, **the incident occurred on August 23, 2024**." This is an on-the-record admission by the City filed today, the same date as this motion. Both parties concur. The TAC is fully consistent with the City's own investigation.

## II.  CAUSE OF THE TYPOGRAPHICAL ERROR

During the encounter, the Defendant officers caused the loss of Plaintiff's Metro Card, government-issued identification, and banking cards. That loss — combined with the early morning nature of the incident and Plaintiff's pro se status while recovering from EMS-treated wrist injuries — caused Plaintiff to inadvertently record the date as September 24, 2024.

## III.  SEVEN INDEPENDENT SOURCES CONFIRM AUGUST 23, 2024

(1) **City's Valentin Investigation (Doc. 18):** "the incident occurred on August 23, 2024" — on-the-record City admission.

(2) **Timestamped Photographs (1:14 AM and 1:17 AM, Aug. 23, 2024):** Device-embedded timestamps on EMS scene photographs (1000026346.jpg and 1000026352.jpg), folder "NYPD Settlement 300k.

(3) **CCRB Official Letter (March 10, 2026):** States complaint filed "on August 23, 2024.

(4) **CCRB Case No. 202408389:** "2408" = August 2024. A September incident generates "202409.

*Westbrooks v. City of New York et al., No. 1:26-cv-00104-RA-RFT*

(5) **Investigator Wheelock Contact, August 29, 2024:** CCRB responded within days — consistent only with an August incident.

(6) **August 30, 2024 Email — Lost Property:** Documents loss of Metro Card, ID, and banking cards during the encounter.

(7) **City EMS Records:** Treatment records from the scene on August 23, 2024 are in the City's possession.

## IV.  RULE 15 STANDARD

Leave to amend shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). No scheduling order, no discovery, City answer due April 24, 2026. The TAC corrects only a typographical error. The City confirmed the correct date in its own filing today. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## V.  NOTICE OF CLAIM TIMELINESS

Under the corrected date of August 23, 2024, the GML § 50-e ninety-day deadline was November 21, 2024. Plaintiff's Notice of Claim was received November 22, 2024 — one day after the technical deadline. The City had **actual knowledge** through seven City-generated sources on August 23, 2024 itself. *Bender v. New York City Health & Hosps. Corp.*, 38 N.Y.2d 662 (1976). In the alternative, all GML § 50-e(5) factors favor Plaintiff: actual knowledge, compelling excuse, and zero prejudice. *Williams v. Nassau Cty. Med. Ctr.*, 6 N.Y.3d 531 (2006).

## VI.  RELIEF REQUESTED

*Westbrooks v. City of New York et al., No. 1:26-cv-00104-RA-RFT*

Plaintiff respectfully requests that the Court: (1) grant leave to file the TAC nunc pro tunc to March 23, 2026; (2) accept the TAC as the sole operative pleading superseding Doc. 17; and (3) note for the record that both parties have confirmed August 23, 2024 as the correct incident date and that the City possessed actual knowledge through seven independent City-generated sources within the ninety-day statutory period.

Respectfully submitted,

/s/ Mark A. Westbrooks

**MARK A. WESTBROOKS**

Plaintiff Pro Se

90 Sands Street, Unit 2713

Brooklyn, New York 11201

mawbusiness@outlook.com  |  917-524-6621

Dated: March 23, 2026

cc:  Inna Shapovalova, Esq.; Joseph Capio, Esq. (via ECF)